**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

JORGE GUTIERREZ,

Plaintiff,

COLLECTIVE ACTION COMPLAINT

vs.

CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., CINEMEX USA ENTERPRISES, INC., and LUIS CASTELAZO,

Defendants.
_______________________________________/

**COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff JORGE GUTIERREZ ("Plaintiff" or "Gutierrez"), on his own behalf and on behalf of those similarly situated ("Class Members"), who were employees of Defendants CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., CINEMEX USA ENTERPRISES, INC., and LUIS CASTELAZO, an individual (together, "CMX" or "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), for a declaration of rights and, in Count IV, for retaliatory discharge for Gutierrez individually.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## I. NATURE OF THE CASE

1. To utilize the tip credit under the FLSA, the employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." *29 U.S.C. § 203(m)*. If an employer fails to satisfy this requirement, it may not take advantage of the tip credit and must directly pay its tipped employees the full minimum wage.

2. To the best of Plaintiff's knowledge or belief, for at least the last three years pursuant to 29 U.S.C. § 201, *et seq* (hereinafter, "Relevant Time Period"), Defendants claimed the tip credit to pay Plaintiff and Class Members, who served food and/or beverages to Defendants' customers, at an hourly wage rate that was less than the minimum and overtime wage required under Florida law.

3. Defendants claimed the tip credit although Plaintiff and Class Members were forced to pay a portion of their tips to non-tipped employees, and were not paid for all hours worked. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during the Relevant Time Period, Defendants were not eligible to claim the tip credit and are required to pay Plaintiff and Class Members the full minimum and overtime wage required under Federal law.

4. Thus, this action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

5. Pursuant to the FLSA, Plaintiff and the proposed collective action members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> All persons who worked for Defendants as tipped employees during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring tipped employees to share their tips

> with employees who do not customarily and regularly receive tips, and/or to work without compensation, earned less than the applicable minimum and/or overtime wage for one or more weeks during the Relevant Time Period.

6. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

7. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## II. JURISDICTION AND VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' theater operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims.

## III. PARTIES

10. Plaintiff JORGE GUTIERREZ ("Gutierrez") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Plaintiff consents to participate in this lawsuit.

11. Plaintiff and the proposed Class Members were subjected to similar violations of the FLSA during the three years preceding the filing of this lawsuit ("FLSA Relevant Time Period").

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

12. Defendant CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL ("Cinemex Real Estate") is a foreign for-profit company that owns and operates the CMX Brickell City Centre in Miami, Florida.

13. Defendant CINEMEX USA ENTERPRISES, INC. ("Cinemex Enterprises") is a Delaware for-profit company that owns and operates the CMX Brickell City Centre in Miami, Florida.

14. Defendant CINEMEX HOLDINGS USA, INC. ("Cinemex Holdings") is a Delaware profit company that owns and operates the CMX Brickell City Centre in Miami, Florida.

15. Defendant LUIS CASTELAZO ("Castelazo"), an individual and *sui juris*, is an owner, vice-president, director and employer at Cinemex Holdings, and upon knowledge and belief is an owner, manager and employer of all CMX corporate entities. Castelazo acted directly and indirectly in the interest of CMX. Castelazo managed CMX and had the power to direct employees' actions. Castelazo had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at CMX in accordance with the FLSA, making Defendant LUIS CASTELAZO an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

16. During all material times, Defendant CINEMEX HOLDINGS USA, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

working on goods or materials that have been moved in or produced for commerce by any person.

17. During all material times, Defendant CINEMEX USA REAL ESTATE HOLDINGS, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. During all material times, Defendant CINEMEX USA ENTERPRISES, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. During all material times, Defendant LUIS CASTELAZO was an employer as defined by 29 U.S.C. § 203(d).

20. During all material times, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or, if Defendants' enterprise had been in operation less than a year, was projected, based on monthly revenue, to have annual revenues in excess of $500,000.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## V. FACTUAL ALLEGATIONS

21. Defendants operate a chain of luxury theaters in Mexico with the brand name CMX, and have opened the first location in Florida, CMX Brickell City Centre, located at 701 South Miami Avenue, Miami, Miami-Dade County, Florida, where Gutierrez and the Class Members were employed.

22. Gutierrez worked as a tipped employee (bartender) for Defendants from January, 2017 through June, 2017.

23. During the FLSA Relevant Time Period (a maximum three-year statute of limitations), the applicable Florida minimum wage was $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017.

24. During the FLSA Relevant Time Period, the applicable Florida overtime wage was $11.895 per hour in 2014, $12.075 per hour in 2015 and 2016, and $12.15 per hour in 2017.

25. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both minimum and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

26. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

27. In the instant case, Plaintiff and those similarly situated were required to share their tips with non-tipped employees in an illegal tip-sharing scheme in violation of the Act.

28. In the instant case, Plaintiff and those similarly situated were suffered or permitted to work without compensation.

29. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Plaintiff, and those similarly situated, the full minimum and overtime wage for each hour worked.

30. Because of the institution and maintenance of the illegal tip-sharing scheme, the illegal tip credit violations, and for suffering or permitting Plaintiff and Class Members to work without compensation during the Relevant Time Periods, Defendants willfully engaged in practices that denied Plaintiff and Class Members the applicable minimum wage and overtime wage under the FLSA.

31. In addition, apart from the claims of Class Members, Gutierrez was individually retaliated against because he was fired after formally complaining to management about the illegal tip-sharing scheme at CMX.

32. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**FLSA COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

34. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq*.

35. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the Plaintiff are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage Plaintiff *may*—the ultimate decision rests largely within the district court's discretion—not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id*.

36. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were paid and employed as tipped employees in Defendants' luxury theater operation.

37. Plaintiff and those similarly situated were subjected to similar policies in that Defendants required Plaintiff and those similarly situated to share their tips with non-tipped employees.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

38. Plaintiff and those similarly situated were subjected to similar policies in that Defendants suffered or permitted Plaintiff and those similarly situated to work without compensation.

39. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as tipped employees during the three (3) years preceding this lawsuit and who, as a result of Defendants' policy of requiring tipped employees to share their tips with employees who do not customarily and regularly receive tips, and/or to work without compensation, earned less than the applicable minimum and/or overtime wage for one or more weeks during the Relevant Time Period.

40. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

41. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme, in which their tips were shared with non-tipped employees, and to work without compensation.

42. Defendants violated § 207(a)(l) and § 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the minimum wage rate for all hours worked up to forty in a workweek and at

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

the overtime rate of time-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

43. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

44. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 43 as though set forth fully herein and further alleges as follows:

45. Defendants willfully and intentionally forced Plaintiff and Class Members to participate in an illegal tip-sharing scheme in which tipped employees shared their tips with non-tipped employees.

46. Defendants willfully and intentionally suffered or permitted Plaintiff and Class Members to work without compensation.

47. By requiring Plaintiff and Class Members to share tips with non-tipped employees and to work without compensation, Defendants cannot claim the tip credit and therefore owe Plaintiff and Class Members the full minimum wage for each hour worked up to forty hours in a week.

48. As a direct and proximate result of forcing Plaintiff and Class Members to share tips with non-tipped employees and to work without compensation, Plaintiff and Class Members have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JORGE GUTIERREZ, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants CINEMEX USA REAL

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., and LUIS CASTELAZO, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked up to forty in a week at the full minimum wage;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked up to forty in a week at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

49. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 43 as though set forth fully herein and further alleges as follows:

50. Defendants willfully and intentionally forced Plaintiff and Class Members to participate in an illegal tip-sharing scheme in which tipped employees shared their tips with non-tipped employees.

51. Defendants willfully and intentionally suffered or permitted Plaintiff and Class Members to work without compensation.

52. By requiring Plaintiff and Class Members to share tips with non-tipped employees and to work without compensation, Defendants cannot claim the tip credit and therefore owe Plaintiff and Class Members the statutory overtime wage for each hour worked in excess of forty hours in a week.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

53. As a direct and proximate result of forcing Plaintiff and Class Members to share tips with non-tipped employees and to work without compensation, Plaintiff and Class Members have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JORGE GUTIERREZ, on behalf of himself and those similarly situated, demands judgment in their favor and against Defendants CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., and LUIS CASTELAZO, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty in a week at one-and-a-half times their regular rate of pay;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked in excess of forty in a week at one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

**COUNT III**
**DECLARATION OF RIGHTS**

54. Plaintiff reincorporates and re-alleges paragraphs 1 through 43 as though set forth fully herein, and further alleges as follows:

55. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

56. Defendants did not rely on a good faith defense in requiring Plaintiff to share tips with non-tipped employees or to work without compensation, under the FLSA.

57. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

58. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE Plaintiff JORGE GUTIERREZ demands the entry of judgment in his favor and against Defendants CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., and LUIS CASTELAZO, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

**COUNT IV**
**GUTIERREZ (INDIVIDUALLY) - RETALIATORY DISCHARGE**
**IN VIOLATION OF 29 U.S.C. § 215(A)(3)**

59. Gutierrez reincorporates and readopts all allegations contained within Paragraphs 1-32, above, as though fully stated herein and alleges as follows:

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

60. Gutierrez complained directly to Defendants' manager Nathan Watson on multiple occasions that a portion of Gutierrez' tips were being shared with non-tipped employees, in violation of the law.

61. As a direct result of these formal complaints about the illegal tip-sharing scheme, Gutierrez was fired.

62. Defendants' motivating factor for terminating Gutierrez was retaliation for Gutierrez complaint for his lawful wages and tips wrongfully taken.

63. The actual termination of Gutierrez' employment was in direct violation of 29 U.S.C. 215(A)(3) and, as a result, Gutierrez has been damaged.

WHEREFORE, Gutierrez demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Gutierrez of lost wages and liquidated damages equal to the lost wages;
b) Award to Gutierrez of front pay;
c) Award to Gutierrez of compensatory damages for emotional distress, humiliation, and pain and suffering;
d) Award to Gutierrez of punitive damages;
e) Award to Gutierrez of reasonable attorneys' fees and costs;
f) Award of pre-judgment interest; and
g) Any other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 31th day of August, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **August 31, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**GUTIERREZ, et al v. CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., and LUIS CASTELAZO**
**CASE NO.:**