UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-23311-KMM

JORGE GUTIERREZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

CINEMEX USA REAL ESTATE HOLDINGS,
INC. d/b/a CMX BRICKELL, CINEMEX
HOLDINGS USA, INC., CINEMEX USA
ENTERPRISES, INC. and LUIS CASTELAZO,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF NON-COMPROMISED FLSA SETTLEMENT
AND ORDER OF DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JORGE GUTIERREZ ("Gutierrez"), opt-in Plaintiffs HECTOR MOLINA ("Molina") and HENRY MARENCO ("Marenco") (collectively, the "Plaintiffs") and Defendants, CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., CINEMEX USA ENTERPRISES, INC. and LUIS CASTELAZO ("Defendants") (collectively "the Parties"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 41 and *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982), jointly file their *Motion for Approval of Non-Compromised FLSA Settlement and Order of Dismissal With Prejudice and Incorporated Memorandum of Law*, and state as follows:

Page 1

## BACKGROUND

1. This action originated on or about August 31, 2017, when Gutierrez filed his Complaint in the United States District Court for the Southern District of Florida, alleging unpaid wages under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act, and that he was owed overtime wages during his employment.

2. Gutierrez filed this action seeking class certification under 216(b). Gutierrez's Motion to Certify [DE 9] is currently pending before this Court.

3. On September 22, 2017, the Gutierrez filed the Notice of Consent to Join of two additional plaintiffs, Marenco and Molina.

4. Defendants maintain they did not violate the FLSA, that they had reasonable grounds to believe they were acting in compliance with the FLSA, and that they acted in good faith and not in willful violation of the FLSA.

5. Pursuant the Court's FLSA Scheduling Order, the parties exchanged additional information including payroll and time records, and engaged in settlement negotiations in a good faith effort to resolve this case. In particular, Defendants advised Plaintiffs' counsel that a review of the payroll records in this case indicated numerous weeks in which Plaintiffs would be factually ineligible to receive compensation for a variety of reasons, including weeks during which Plaintiffs' regular hours fell well below the claimed amount, which <u>drastically</u> reduced Plaintiffs' estimates of any alleged unpaid overtime or minimum wage reimbursement they could seek. After his own review of the payroll records, Plaintiffs' counsel agreed that the maximum number of hours where the Plaintiffs could claim unpaid wages and/or overtime was in dispute.

6. The Parties differ on issues of fact, as well as the legal issues of entitlement to liquidated

damages. In light of these and other factors, the Parties have reached what they believe to be a fair and reasonable agreement to settle this case and avoid the uncertainty, time, and expense of further litigation.

7. Pursuant to the settlement reached, Defendants have agreed to pay Jorge Gutierrez a total of **$8,600.00**, opt-in Plaintiff Ildemaro Molina a total of **$4,000.00**, and opt-in Plaintiff Henry Marenco a total of **$2,400.00**, along with **$18,000.00** in attorneys' fees and costs. The Parties believe this settlement to be a fair and reasonable settlement of the disputed claims in this case. The Settlement Agreement attached hereto as Exhibit "A" provides each of the amounts Defendants have agreed to pay Plaintiffs.

8. The Parties believe this settlement to be non-compromised, with Plaintiffs to receive as much or more than their possible actual and liquidated damages at trial. For example, in Plaintiff's Statement of Claim, Gutierrez alleges he worked approximately thirty-five (35) hours each week for twenty-five (25) weeks, at an hourly rate under minimum wage, and was owed $3.02 for each hour worked, for a total of $2,642.50. He also alleged two (2) hours each week for twenty-five (25) weeks he worked off the clock, totaling $405.00, plus fifteen (15) total overtime hours totaling $182.25, plus the same amount in liquidated damages, bringing Gutierrez's total claim to $6,459.50. In the settlement, however, Gutierriez will receive $8,600.00, a figure above the damages claimed. This same is true with opt-in Plaintiffs Molina and Marenco.

9. The Parties negotiated Plaintiffs' attorneys' fees separately, and without regard to the amounts paid to Plaintiffs.

10. Plaintiffs and Defendants acknowledge and agree that the above settlement represents a fair and reasonable non-compromised settlement between the Parties over the disputed claims in

this case. Accordingly, the Parties respectfully request that the Court enter an Order granting this Joint Motion, approving the settlement, and dismissing Plaintiffs' lawsuit with prejudice, without any separate taxing of attorneys' fees or costs.

## **MEMORANDUM OF LAW**

### I.     **Legal Principles**

Although the instant settlement in a non-compromised one, the Parties submit the agreement for review by this Court pursuant to *Lynn's Food*. A compromised claim under the FLSA requires court approval to ensure that the settlement agreement provides a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging [the] settlement of litigation." *Id* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 605-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. 2007).

### II.     **All of the Relevant Criteria Supports Final Approval of the Settlement.**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006). Here,

each party was independently represented by legal counsel with experience in litigating claims under the FLSA.  Counsel for the parties were obligated to, and did, vigorously represent their clients' rights.  It is clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiff and joined claimants.

The remaining factors weigh in favor of approving this settlement.  The present claim involved a complex factual dispute.  If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remained uncertain for both parties.  This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Further, the Parties exchanged information regarding the documents each party had regarding the claims in this matter before reaching any agreement.  This exchange of documents and information resulted in the exchange of considerable facts, supporting evidence, and legal theories regarding the claims and defenses of the Parties.  The Parties reached a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also support approval of the settlement.  The Parties meaningfully disagreed over the number of hours claimed, a key issue that has been disputed from the inception of the case, and the records of hours worked as reported by Plaintiffs.  The Parties exchanged numerous legal arguments and authorities on the issue.  Plaintiffs and Defendants continue to disagree over the merits of the claim asserted by Plaintiffs, and both offered facts and evidence to support their respective positions.  As such, Plaintiffs' probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate.

### III. Approval of the Proposed Attorneys' Fees

The settlement should be approved because the Parties agreed upon Plaintiffs' attorneys' fees separately and without regard to the amount paid to the Plaintiffs under the Parties' settlement agreement. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). In addition, as this is a non-compromised settlement, a fairness review is arguably not required under *Lynn's Food*, but the Parties have submitted it to this Court in an utmost of caution.

In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague,* 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. See *Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorneys' fees. *Id.* at 12.

Here, attorney's fees and costs total $18,000. The parties stipulate that the amount allocated for attorneys' fees and costs is reasonable based on the amount of time actually spent by Plaintiffs' counsel in prosecuting and ultimately resolving these claims. As such, the parties

submit that the amounts allocated to the Plaintiffs and plaintiffs' counsel represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350.

## CONCLUSION

Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount the Defendants have agreed to pay under the terms of the Parties' Agreements is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' settlement should be approved by the Court consistent with applicable precedent, including *Lynn's Food,* 679 F.2d at 1353.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable, dismissing the case with prejudice, retaining jurisdiction to enforce the agreement for thirty (30) days after signing of the Order, and granting such other and further relief as is appropriate.

Dated this 9th day of May, 2018.

| | |
|---|---|
| **By: s/ Robert W. Brock II** | **By: s/ Ryan B. Weiss** |
| Robert W. Brock II, Esq. | Ryan B. Weiss, Esq. |
| Florida Bar No.:075320 | Florida Bar No.: 114479 |
| Email: Robert@kuvinlaw.com | Email: ryan.weiss@csklegal.com |
| *Law Offices of Lowell J. Kuvin* | *Cole, Scott & Kissane P.A.* |
| 17 East Flagler Street, Suite 223 | 9150 S Dadeland Blvd |
| Miami, FL 33131 | Miami, FL 33156-7860 |
| Telephone: (305) 358-6800 | Telephone: (305) 350-5311 |
| Facsimile: (305) 358-6808 | *Attorney for Defendants* |
| *Attorney for Plaintiffs* | |

CASE NO.: **17-cv-23311**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of May, 2018, a true and correct copy of the foregoing was filed with the Clerk.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No.:075320

**Service List**

**Ryan Weiss, Esq.**
Florida Bar No.: 114479
Email: ryan.weiss@csklegal.com
**John C. German**, **Esq.**
Florida Bar No.: 58654
Email: ryan.weiss@csklegal.com
*Cole, Scott & Kissane, P.A.*
9150 S Dadeland Blvd
Miami, FL 33156-7860
Telephone: (305) 350-5311