## CONFIDENTIAL SETTLEMENT AGREEMENT

This CONFIDENTIAL SETTLEMENT AGREEMENT ("Agreement") is made by Plaintiffs, **JORGE GUTIERREZ** ("Gutierrez"), **HENRY MARENCO** ("Marenco"), and **ILDEMARO MOLINA** ("Molina") (collectively, "Plaintiffs") on one side and Defendants, **CINEMEX USA REAL ESTATE HOLDINGS, INC. d/b/a CMX BRICKELL, CINEMEX HOLDINGS USA, INC., CINEMEX USA ENTERPRISES, INC. and LUIS CASTELAZO,** (hereinafter "Defendants") on the other side (Plaintiffs and Defendants hereinafter referred to as the "Parties").

WHEREAS, Plaintiffs filed an Amended Collective Action Complaint against Defendants in the U.S. District Court, Southern District of Florida, **Case No. 1:17-cv-23311-KMM** (hereinafter "Amended Complaint" or "the Lawsuit"); and

WHEREAS, Defendants deny any wrongdoing and deny Plaintiffs' claims; and

WHEREAS, "Defendants" shall include its past and present incorporators, Board of Directors, officers, directors, owners, shareholders, members, managers, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, associates, affiliates, privies, all current, past, and future subsidiaries, parents, related and affiliated corporations, clients, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in their interest, or as an employer in relation to Plaintiffs, including any person or entity acting with or on behalf of Defendants, personally, officially, or in any capacity whatsoever, past and present; and



WHEREAS, "Plaintiffs" shall include his heirs, successors, administrators, agents, assigns and attorneys, any other parties of interest and/or representatives, including joined members to this action; and

WHEREAS, this Confidential Settlement Agreement is between Plaintiffs and Defendants and is hereinafter referred to as the "Agreement," or the "Confidential Settlement Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendants to Plaintiffs, and other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Plaintiffs' General Release.** Except for the obligations contained herein, Plaintiffs do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendants and all included entities listed above from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated (including, but not limited to, those arising out of, or in any way connected with, the employment of Plaintiffs with Defendants in any position at any time, and including, but not limited to, all claims raised in the Charge), for wages, bonuses, overtime pay, front or back pay, minimum wage, income from any source, declaratory or

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: SM.

injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiffs against Defendants, including, but not limited to, claims arising under or relating to:

- A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*
- B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;
- C. Florida Statute § 440.205;
- D. The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;
- E. The Labor Management Relations Act of 1947;
- F. The Equal Pay Act of 1963;
- G. The Occupational Safety and Health Act of 1970;
- H. The Rehabilitation Act of 1973;
- I. The Health Maintenance Organization Act of 1973;
- J. The Immigration Reform and Control Act of 1986;
- K. The Family and Medical Leave Act of 1993 ("FMLA");
- L. Executive Orders 11141, 11246, and 11375;
- M. 42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;
- N. The Americans with Disabilities Act ("ADA"), as amended;

Gutierrez Initials: JG
Marenco Initials: H.M
Molina Initials: L.M



O. The Consolidated Omnibus Reconciliation Act ("COBRA");

P. The Employee Retirement Income Security Act of 1974 ("ERISA");

Q. Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof;

R. The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;

S. The Internal Revenue Service Code;

T. Chapter 448, Florida Statutes;

U. Chapter 440, Florida Statutes;

V. The Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act of 1990 ("OWBPA");

W. Any state, federal, or local whistleblower acts;

X. Any claim for defamation, libel, or slander;

Y. Any federal, state or local laws prohibiting employment discrimination;

Z. The employment, terms of employment, conditions of employment and separation from employment of Plaintiffs by Defendants;

AA. Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Defendants occurring before, during or after the employment of Plaintiffs by Defendants through the day of this release;

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: SM



      BB.    And all other claims under federal, state of local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Plaintiffs to Defendants. Plaintiffs further agree that it is the express intent of Plaintiffs to enter into this full and final settlement and compromise of any and all claims against Defendants, whatsoever, including, but not limited to, those arising out of, or in any way connected with, the employment or engagement of Plaintiffs with Defendants, at any time, from the beginning of the world to the date of execution by Plaintiffs of this Agreement. Nothing in this Agreement precludes Plaintiffs from filing a charge with, or testifying, assisting, or participating in any investigation, hearing or proceeding conducted by the Equal Employment Opportunity Commission or equivalent state or local agency. However, Plaintiffs agree to waive their right to monetary or other equitable relief should they file an administrative charge or any claim be pursued by any person, organization or other entity against the Defendants on their behalf arising out of or related to their employment or separation from the Defendants. Plaintiffs recognize that no suit can be filed against Defendants for any claim released as part of this Agreement. By way of execution of this Agreement, Plaintiffs swear and affirm that, upon payment of the consideration listed in paragraph 3, they have been paid all compensation, including, but not limited to, minimum wage and overtime, due them, and no further monies are owed from Defendants.

Gutierrez Initials: _JG_
Marenco Initials: _HM_
Molina Initials: _SM_

Except for enforcement of this Agreement, if Plaintiffs should later initiate or participate in any legal action or proceeding against Defendants, for any claim arising or accruing before and through the effective date of this Agreement, which they should not, this Agreement will be conclusive evidence that any such claims have been released.

Similarly, Defendants agree to fully release Plaintiffs from any and all claims that Defendants may have against Plaintiffs from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which Defendants now own or hold, and to waive any right to recover in any action which may be brought on their behalf against Plaintiffs.

3. **Settlement Payment.** As consideration for signing this AGREEMENT, resolution of all of Plaintiffs' claims against Defendants, including, but not limited to those alleged in Plaintiffs' Amended Complaint and the Lawsuit, and compliance with the promises made herein, Defendants agree to pay Plaintiffs in the amount of **Thirty Three Thousand Dollars and 00 Cents ($33,000.00)** ("Settlement Sum") less lawful deductions. This sum shall be allocated as follows:

   a) Eight Thousand Six Hundred Dollars and 00 Cents (**$8,600.00**), representing $1,800.00 in alleged due wages, an equal amount of liquidated damages, and $5,000.00 as a participation fee as the class Plaintiff, shall be paid to **Jorge Gutierrez.**

**Gutierrez Initials:** JG
**Marenco Initials:** H.M
**Molina Initials:** SU

b) Two Thousand Four Hundred Dollars and 00 Cents (**$2,400.00**), representing $1,200.00 in alleged due wages and an equal amount of liquidated damages, shall be paid to **Henry Marenco**.

c) Four Thousand Dollars and 00 Cents (**$4,000.00**), representing $2,000.00 in alleged due wages and an equal amount of liquidated damages, shall be paid to **Ildemaro Molina**.

d) Eighteen Thousand Dollars and 00 Cents (**$18,000.00**) shall be allocated as attorney's fees and costs which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims and made payable to **Law Office Of Lowell J. Kuvin, LLC**, for which an IRS form 1099 will be issued.

The payment to Plaintiffs includes all attorneys' fees and costs under the FLSA and any other law or statute. The Plaintiffs understand and agree that such payment to them is in full and final satisfaction of any claim for attorneys' fees or costs arising out of or relating to the Amended Complaint and/or the Lawsuit. Defendants make no representation as to the tax consequences or liability arising from the payments described herein. Moreover, the Plaintiffs understand and agree that any tax consequences and/or liability arising from the payments to Plaintiffs listed above shall be the sole responsibility of Plaintiffs. Plaintiffs acknowledge that they have not relied on any statements or representations by Defendants with respect to the tax treatment of such payments.

The Settlement Payment discussed above shall be delivered to Plaintiffs in c/o Plaintiffs'

**Gutierrez Initials:** _JG_
**Marenco Initials:** _HM_
**Molina Initials:** _IM_

counsel **within twenty (20) days** of the satisfaction of all of the following conditions precedent:

(a) receipt by counsel for Defendants of this Agreement executed by Plaintiffs;

(b) receipt by counsel for Defendants of IRS Form W-9 fully executed by Plaintiffs and Plaintiffs' counsel;

(c) receipt by counsel for Defendants of an executed Joint Motion for Approval of the Parties' Confidential Settlement Agreement and for Dismissal with Prejudice, with corresponding proposed Final Order Approving Confidential Settlement Agreement and Dismissal with Prejudice.

Plaintiffs and Plaintiffs' counsel agree to sign any and all other papers necessary to bring an immediate end to the Lawsuit. Plaintiffs further agree not to file or join any other lawsuit arising out of or related to the Lawsuit against Defendants. The Parties also agree that this Agreement and the Settlement Payment provided herein are contingent upon the Court's approval, if necessary, of this Agreement.

5. **Resignation and Waiver of Reinstatement/Re-Employment.** Plaintiffs agree and recognize that their relationship and employment with Defendants has been permanently and irrevocably dissolved. Plaintiffs expressly waive reinstatement, re-employment, and/or claim of right to employment with Defendants, whatsoever, and agree that they will not now and will not in the future seek re-employment or independent contractor or consultant status with Defendants. Plaintiffs further agree that this Agreement is good and sufficient cause for Defendants to reject any such application for reinstatement or re-employment. In the event Plaintiffs inadvertently

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: SM

become employed by the Defendants or any entity affiliated with Defendants, Plaintiffs agree that, upon learning of such inadvertence, they will immediately resign their employment and/or withdraw their application for employment with Defendants, consistent with the terms of this Agreement.

6. **No Admission of Liability.** It is understood, agreed and stipulated between the parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed claims, and that Defendants do not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendants have denied and continue to deny all such allegations.

7. **Confidentiality.** The Plaintiffs agree that the existence, terms, conditions and parties of and to this settlement, including any payments made hereunder or the act or implication that any monies whatsoever were exchanged, shall remain strictly confidential and shall not be disclosed or made known to any third person or party unless such disclosure is required by law. The Plaintiffs shall not, either directly or indirectly, disclose, discuss or communicate to any entity or person, except with their attorneys or other licensed financial accountant or spouse any information regarding the existence or the terms of this Agreement, its nature or scope or the negotiations leading to it, unless compelled to disclose such information pursuant to legal process, and only then after reasonable notice to the Defendants.

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: SM

Likewise, LUIS CASTELAZO ("Castelazo") agrees that the existence, terms, conditions and parties of and to this settlement, including any payments made hereunder or the act or implication that any monies whatsoever were exchanged, shall remain strictly confidential and shall not be disclosed or made known to any third person or party unless such disclosure is required by law. Castelazo shall not, either directly or indirectly, disclose, discuss or communicate to any entity or person, except with his attorneys or other licensed financial accountant or spouse any information regarding the existence or the terms of this Agreement, its nature or scope or the negotiations leading to it, unless compelled to disclose such information pursuant to legal process, and only then after reasonable notice to the Plaintiffs.

Should any Party to this Agreement be required to enforce the terms of this clause against a breaching party, the prevailing party shall be entitled to his/her/its reasonable attorneys' fees and costs.

8. **Non-Disparagement.** The Plaintiffs shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns they may have had with the Defendants, its shareholders, attorneys, employees (past or present) or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendants, its shareholders, attorneys, employees (past or present). Such communication includes all social media, including, but not limited to, Facebook, blogs, twitter, Instagram, LinkedIn, YouTube, and/or similar social media platforms or advertising material. Plaintiffs acknowledge and agree that this prohibition extends to statements, written or oral, made to

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: CM

anyone, including, but not limited to, the news media, social media, any board of directors or advisory board of directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiffs shall not interfere with Defendants relationship with, or endeavor to entice away from the Defendants, or suggest or encourage litigation against Defendants from, any person who was or is an employee of any Defendant. Likewise, Castelazo shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns he may have had with the Plaintiffs, their attorneys, or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Plaintiffs and their attorneys. Such communication includes all social media, including, but not limited to, Facebook, blogs, twitter, Instagram, LinkedIn, YouTube, and/or similar social media platforms or advertising material. Castelazo acknowledges and agrees that this prohibition extends to statements, written or oral, made to anyone, including, but not limited to, the news media, social media, any board of directors or advisory board of directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiffs and Castelazo understand and agree that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that the party aggrieved would be irreparably harmed by violation of this provision.

Defendants agree to provide each Plaintiff with a neutral letter of reference that has job title and dates of employment. The Plaintiffs shall direct any requests for references to Defendants' Director of Human Resources, and only a neutral reference consisting of job title,

Gutierrez Initials: JG
Marenco Initials: H.M
Molina Initials: CM

dates of employment, and last rate of pay, shall be provided. It shall be a violation of this Agreement for Defendant Castelazo or the Director of Human Resource for Defendants to reveal to any prospective employer of Plaintiffs, that Plaintiffs brought or threatened litigation against Defendants.

8. **Complete Agreement and Consultation with Counsel.** This Agreement contains the entire agreement, understanding and stipulation between the Parties hereto. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

9. **Authority.** Each of the Parties warrants to each other that each has full power, authority and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiffs warrant and represent that they are the owners of the claims asserted in the Amended Complaint and the Lawsuit and has not transferred or assigned them, except as represented in this Agreement.

10. **Joint Preparation.** This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other Party based on attribution of drafting to any Party. The terms of this Agreement are executed without

Gutierrez Initials: JG  
Marenco Initials: HM  
Molina Initials: CM



reliance upon any representations except those contained herein, and the Parties have carefully read this Confidential Settlement Agreement and sign the same of their own free will.

11. **Severability.** Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

12. **Choice of Law and Venue.** This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court for the Southern District of Florida. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties herein. The Parties expressly waive their right to a trial by jury in the event of any dispute regarding the enforcement or construction of this Agreement.

13. **Litigation.** Should any Party to this Agreement be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to his/her/its reasonable attorneys' fees and costs. Nothing contained herein shall be construed as prohibiting the Defendants from pursuing any other remedies available for such breach or threatened breach, including, without limitation, the recovery of damages from Plaintiffs.

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: SM

14. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

15. **Successors and Assigns.** This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns.

16. **Selective Enforcement.** The Parties agree that the failure of any Party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

17. **Neutral Reference.** Defendants agree to provide a neutral reference for Plaintiffs, to include dates of employment and position held only, provided that, however, Plaintiffs will direct all reference requests to Alternative Success Corp. only.

18. **Full Understanding and Voluntary Acceptance.** In entering this Agreement, Plaintiffs represents that he has relied on the advice of his attorney(s), who is/are the attorney(s) of his own choice, and that the terms of this Agreement have been completely read and explained to Plaintiffs by his attorney(s), and that those terms are fully understood and voluntarily accepted

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: SM



by Plaintiffs. Plaintiffs declares, covenants, and warrants that he is over the age of eighteen (18) years, and that he is not suffering from any legal, mental or physical disabilities which would impair or disable him from executing this Agreement and that there have been no representations and/or statements made by the Parties hereto or their agents, insurers, or representatives to influence Plaintiffs in making or executing this Agreement. The Plaintiffs acknowledges that he entered into and signed this Agreement knowingly, voluntarily, freely, of his own volition and with such consultation with counsel as he deemed appropriate.

19. **Counterpart Execution.** This Agreement may be signed in counterparts. A faxed, e-mailed, or scanned copy of signatures shall be sufficient for all purposes, including enforcement.

20. **Headings.** The use of headings in this Agreement is only for ease of reference, and the headings have no effect and are not to be considered part of a term of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates set forth below.

**JORGE GUTIERREZ**
By: _[signature]_  Date: 4/25/18
JORGE GUTIERREZ

**HENRY MARENCO**
By: _[signature]_  Date: 5/1/18
HENRY MARENCO

Gutierrez Initials: JG
Marenco Initials: HM
Molina Initials: JM

**ILDEMARO MOLINA**

By: _____/s/ Ildemaro Molina_____   04/25/2018
ILDEMARO MOLINA                        Date


**CINEMEX USA REAL ESTATE HOLDINGS, INC.**

By: _____/s/ Luis Castelazo_____     05/09/2018
                                        Date

Title: _____Secretary_____


**CINEMEX HOLDINGS USA, INC.**

By: _____/s/_____                     05/09/2018
                                        Date

Title: _____Secretary_____


**CINEMEX USA ENTERPRISES, INC.**

By: _____/s/ Luis Castelazo_____     05/09/2018
                                        Date

Title: _____Secretary_____


**LUIS CASTELAZO**

By: _____/s/ Luis Castelazo_____     05/09/2018
LUIS CASTELAZO                          Date


Gutierrez Initials: JG
Marenco Initials: I.I.M
Molina Initials: SM

Gutierrez Initials: JG

Marenco Initials: HM

Molina Initials: IM